UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 09-cv-430-WDS-CJP |
| Sharon Sanders, | ) ) ) | |
| Defendant, | ) | |

**REBUTTAL TO UNITED STATES OF AMERICA'S REPLY TO DEFENDANT'S RESPONSE AND OBJECTION TO ORDER TO SHOW CAUSE**

Comes Now Defendant, Sharon Sanders, by and through her attorney, Jerold W. Barringer, and files this Rebuttal to the United States of America's Reply to Defendant's Response and Objection to the Complaint to Enforce Internal Revenue Summons filed by the Petitioner.

Aside from discussions of the facts, and which are relevant, and which are disputed, the United States' (Plaintiff) response addresses each of the Defendant's positions in turn. Initially, Plaintiff states that pursuant to 26 U.S.C. Sec. 7602, the IRS is entitled to issue an administrative summons. The statute makes that statement, but there are numerous problems with the result. First, as was stated in the original response and objection filed by Defendant, 26 U.S.C. Sec. 7601 begins with the

-1-

Secretary going through each internal revenue district to determine "who may be liable to pay internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed." Sec. 7601. The regulations are even more specific, "[e]ach district director shall, to the extent he deems it practicable, cause officers or employees under his supervision and control to proceed, from time to time, through his district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, ... 26 CFR Sec. 301,7601-1.

It is undisputed that since at least 2000 there have been no Internal Revenue Districts or District Directors previously established by law pursuant to both Title 26, Section 7621, which was issued in accordance with, and in order to comply with Title 4, Section 72. Another undisputed fact is that Arlie Alexander is not the Secretary of the Treasury or the Secretary. Furthermore, Arlie Alexander does not say he is authorized or delegated to act as delegate of the Secretary in his Declaration for the purpose of issuing a summons, or collecting taxes, either generally or specifically.

**1.    Summons Authority for Arlie Alexander as a matter of law has not been established**

The Plaintiff argues that "in light of 26 U.S.C. § 7602 (which grants IRS the ability to issue a summons), 26 U.S.C. § 7604 (which grants federal district courts the

ability to compel compliance with an IRS summons), *United States v. Powell*, 379 U.S. 48 (1964), and the long line of cases upholding the IRS's ability to issue and enforce summonses, Defendant is incorrect, in asserting that the IRS has somehow lost its summons authority." See Doc. 11, pg. 6

In a footnote, Plaintiff argues that the "declaration of Revenue Officer Alexander should **leave no doubt** that he is an agent of the IRS **who is properly authorized to issue the summons**. (Doc. 2 ¶¶ 2, 5; Ex. A ¶¶ 1-3; Ex. B). See Doc. 11, pg. 6 (fn.4) Plaintiff goes on that such "arguments have been found to be frivolous in the past and supported the imposition of sanctions. *See United States v. Hibben*, No. 04-MC-87, 2005 WL 1208861, at *3, 4 (E.D. Ky. 2005)." See Doc. 11, pg. 6 (fn. 4)

In Hibben, cited by the United States in Footnote 4, the District Court therein stated:

> This court previously rejected most of the same arguments in its Memorandum Opinion and Order dated February 7, 2005. **The IRS is authorized to make inquiries** concerning any person who may owe any internal revenue tax. 26 U.S.C. § **7601**. The IRS **may** issue an administrative summons requiring any person having possession of financial records concerning the taxpayer to produce those records. 26 U.S.C. §7602(a)(2). The Commissioner of the Internal Revenue Service **is given authority to have summonses issued under 26 U.S.C. § 7602** and *26 CFR 301.7602.* Absent a specific showing to the contrary, a presumption of integrity and regularity exists regarding IRS investigations. *McTaggart v. United States*, 570 F. Supp. 547 (E.D.

Mich. 1983).

No. 04-MC-87, 2005 WL 1208861 (pg 2).   The Hibben Court went on to state "In addition, Treasury Regulation § 301.7602-1 authorizes the IRS to implement § 7602 with respect to "any person." Id.

Respondent agrees Congress **had** given the Commissioner of the Internal Revenue ex officio "to canvass and to inquire" "internal revenue districts" concerning all persons "who may be liable to pay any internal revenue tax." *Donaldson v. U.S.*, 400 U.S. 517, 523, 91 S.Ct. 534, 538, 27 L.Ed.2d 580 (1971); See 26 U.S.C. § 7601. See *United States v. Dykema*, 666 F.2d 1096, 1104 (fn.3) (7th Cir. 1981).  The question is, what authority still remains, since Arlie Alexander is not the Commissioner of Internal Revenue and does not claim that he is.

Section 7601 of the 1954 Code, 26 U.S.C. § 7601, directs the Secretary or his delegate to the extent he deems it practicable to cause Treasury Department officers or employees "to proceed, from time to time, through each **<u>internal revenue district</u>** and inquire after and concerning all persons who may be liable to pay any internal revenue tax." *Donaldson v. United States*, 400 U.S. 517, 523 (1971)

Section 7601 "flatly imposes upon the Secretary the duty to canvass and to inquire." Id. "This is an old statute. It has roots in the first of the modern general income tax acts, namely, the Tariff Act of October 3, 1913, § II, ¶ I, 38 Stat. 178, and

prior to that, in § 3172, as amended, of the Revised Statutes of 1874." Id at 524

26 CFR 301.7601(2009) states:

"Each **district director** shall, to the extent he deems it practicable, cause officers or employees under his supervision and control to proceed, from time to time, through his district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed."

Section 7602 authorizes the Secretary to issue summons within the "internal revenue districts" identified in section 7601. Such examination is subject only to the usual requirements "that the investigation [has] a legitimate purpose, that the inquiry may be relevant to the purpose, that [the IRS does not already have] the information sought, and that **the administrative steps required by the Code have been followed**." *U.S. v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964).Dykema, at 1098

26 CFR 301.7602-1 only allows "any authorized officer or employee of the Internal Revenue Service" to issue a summons. See *Khan v. U.S.*, 548 F.3d 549, 553 (7th Cir. 2008)(citing "federal regulation" under 26 CFR § 301.7602).  Who is authorized when there are no districts.

Despite powerful investigative tools, "the IRS' investigatory power is not absolute."  *U.S. v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003) "If a taxpayer

fails to comply with a summons, the IRS must apply to the district court to secure an enforcement order. *See* 26 U.S.C. § 7604." Id.  "Prior to enforcing tax summonses, the **court must scrutinize them** to determine whether they are made in good faith and seek information relevant to a **legitimate investigative purpose**. See *United States v. Powell*, 379 U.S. 48, 57-58, Page 810 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998)." *U.S. v. BDO Seidman*, 337 F.3d at 810

"Once the Government makes a prima facie showing of good faith, the burden shifts to the respondent to show that the enforcement of the summons **would constitute an abuse of process.** See *2121 Arlington Heights Corp. v. IRS,* 109 F.3d 1221, 1224 (7th Cir. 1997)."  *BDO Seidman*, supra

"Congress has established a **statutory structure** that endows the IRS with extensive authority to conduct effective tax investigations. For instance, 26 U.S.C. § 7601 gives the IRS Commissioner, as the Secretary's delegate, 'a broad mandate to investigate and audit' persons to ensure compliance with federal tax laws. *United States v. Bisceglia,* 420 U.S. 141, 145, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975)." See *U.S. v. Crum*, 288 F.3d 332, 333 (7th Cir. 2002)

"Federal **regulations trace the delegation of summons authority**. First, the Secretary of the Treasury has delegated summons authority to the Commissioner of

the IRS. 26 C.F.R. § 301.7602-1(b); 26 C.F.R. § 301.7701-9(b); Treas. Dep't Order No. 150-10 (Apr. 22, 1982). **As authorized by the Secretary**, the **IRS Commissioner has redelegated this authority to certain IRS employees**, including revenue officers such as Officer Dietrich. 26 C.F.R. § 301.7701-9(c); 26 C.F.R. § 301.7701-9(b); IRS Delegation Order No. 4 (Rev.22) ¶¶ 7 & 8.  U.S. v. Crum, 288 F.3d 332, 334 (7th Cir. 2002)

"'The executive departments are listed at 5 U.S.C. § 101, and that list includes only the "Department of the Treasury.' 31 U.S.C. § 301 introduces a subchapter dealing with the organization of the 'Department of the Treasury.' Subsection (a) says that the Department of the Treasury is an executive department, and (b) says that it is headed by the Secretary of the Treasury." *U.S. v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002)

Title 26, Section 7621 directs:

(a) Establishment and alteration -The President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts.
(b) Boundaries- For the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States.

Title 4, Section 72 specifically provides "**All offices** attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except

as otherwise expressly provided by law." See *Hughes v. U.S.*, 953 F.2d 531, 542 (9th Cir. 1992)(they rely on 4 U.S.C. § 72..., This section does not foreclose the exercise of authority by the IRS outside the District of Columbia. The President is authorized to **establish internal revenue districts for the purpose of administering the internal revenue laws**, and these districts can be created outside of Washington, D.C. See 26 U.S.C. § 7621.")

The President of the United States "abolished internal revenue districts as of October 1, 2000." See "Testimony of David C. Williams, Inspector General, Treasury Inspector General for Tax Administration, dated May 8, 2001, Implementation of the IRS Restructuring and Reform Act of 1998, Joint Hearing Before Committees of the United States Senate and United States House of Representatives." This is an undisputed fact, to which the Court can take judicial notice.

26 CFR 301.7701-9(2007) provides the delegation chain of command for summons and all other internal revenue laws to flow through District Directors. 26 CFR 301-7701-10(2007) is entitled **"District director"** and states **"**The term *district director* means the district director of internal revenue **for an internal revenue district**. The term also includes the Assistant Commissioner (International).

Arlie Alexander does not establish his authority to issue a summons under 26 CFR 301.7601 and 301.7602 in the name of the Secretary, Commissioner of Internal

Revenue, or district director according to delegation at 26 CFR 301.7701-9 and 301-7701-10, nor can he merely state that he has authority, without delegation authority support, in light of the issues raised in Defendant's responses.

Furthermore, Plaintiff argued that it is attempting to collect taxes, which arises through Title 26, Section 6301. This section states the Secretary shall collect the taxes imposed by the internal revenue laws. Arlie Alexander is not the Secretary. He does not declare he is the Secretary. Of course, it is unfortunate that the President, or the Secretary, chose to eliminate the very districts necessary to carry out the assessment and collection of taxes, but such elimination is a fact. So, how does Arlie Alexander have the authority to issue a summons or to collect taxes.

Remember, 26 CFR 301.6301 unmistakably states the "taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue." Arlie Alexander does not claim to be a district director over the State of Illinois or any division thereof in his declaration. Without a delegation of authority, the summons issued by Arlie Alexander is without legal authority and should be quashed as not being issued pursuant to Title 26, Section 7601 and 7602 by the Secretary.

Even if the Secretary does issue a subsequent summons, that summons would only be authorized in the District of Columbia because that is the only place remaining under the phrase "previously established by law." Title 4, Section 72,

prohibits any office of the seat of Government from being "exercised" out side of the District of Columbia except as "otherwise expressly provided by law."  Since it is undisputed that Plaintiff was structured to act through the districts, by the district directors, and since it is undisputed that such structure was eliminated, how then does Arlie Alexander have the statutorily-mandated authority, pursuant to 4 U.S.C. Sec. 72, to take any step in the assessment or collection process with respect to this case.

Finally, 26 CFR 601.101 specifically states that:

> The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. **The Commissioner has general superintendence of the assessment and collection** of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. **Within an internal revenue district the internal revenue laws are administered by a *district director* of internal revenue**.

There are no districts to have canvassed in order to determine who has not paid taxes.  There are no districts or district directors to administer the revenue laws within the districts.  There are no districts for the issuance of a summons.  There are no districts for the district director to collect taxes.  There are no districts or district directors for the issuance of an assessment.  So, if there are no districts or district directors, then what authority did Plaintiff have to take action against the Defendant.

The attempt to issue a notice of deficiency is driven by district directors and districts. 26 U.S.C. Sec. 6212 and 26 CFR 301.6212-1(a) & (b). The attempt to issue an assessment is driven by district directors and districts. 26 USC 6203, and 26 CFR 301.6203.1. The attempts to issue a levy and distraint (which arose at the same time as the summons) are driven by district directors and districts. 26 U.S.C. Sec. 301.6331 and 26 CFR 301.6331-1. Everything is based on the district director and districts.

How then can Arlie Alexander have any authority to take any actions if there are no district directors. How can any portion of the administrative proceedings have been accomplished correctly, or pursuant to authority, without the office and the position provided by law; i.e., no district director and no district.

Finally, the Notice of Federal Tax Lien is driven by the Secretary. Arlie Alexander is not the secretary, and he has not shown his delegation of authority, direct from the Secretary or the Commissioner, to act on behalf of the Secretary. In other words, while the Tax Court decision may have foreclosed some issues, it cannot be said that any administrative step has been completed appropriately to date.

**Is It a Statutory Requirement to File a Form 1040**

Plaintiff quotes from *United States v. Patridge*, 507 F.3d 1092 (7th Cir. 2007), and *Hilvety v. C.I.R.*, 216 Fed.Appx. 582 (7th Cir. 2007) with reference to the fact that

Counsel had raised the PRA argument in a motion to dismiss, which arose as a legal issue in appeal, and was sanctioned, in part, for the issue.

The Seventh Circuit did sanction counsel, and one of the issues involved was the PRA. The Seventh Circuit stated that the filing requirement was a statutory mandate, and that statutory mandate for the filing of a tax return was 26 U.S.C. Sec. 7203. The Seventh Circuit stated that no particular form is required at all, only a complete and candid report of income. The Seventh Circuit stated that OMB must have believed the form valid since it issued an OMB number for the Form 1040. The Seventh Circuit stated that an attorney's say-so is not good enough. With these statements in mind, how should one address the PRA issue.

Plaintiff, or counsel, has called the PRA issue here a tirade. Interestingly, the "tirade" now is full of facts, statements of non-compliance, and references to the particular regulations that govern any form which is governed by the PRA.

First, the Defendant does not concede that the Form 1040's OMB number #1545-0074 is a current, valid number. That is what the 16 pages of argument ("tirade") demonstrated; the application process and certification process were in violation of law, therefore the number could not be "valid", even if alleged to be "current". Also, at least one government agency agrees that the Form 1040 violates the PRA. *See*, Government Accountability Office Report, No. GAO-05-424, found

at *www.gao.gov/cgi-bin/getrpt?GAO-05-424.*  May, 2005.[1]    All of the discussion contained in Defendant's initial brief demonstrates why the form fails to comply, and why the "booklet" could not save the form.

Of course, since the legal holdings (though without facts) of *Patridge* govern this case, the Plaintiff merely quotes that case without regard to the truth of the 16 pages of facts and issues.  What the GAO stated was that the IRS quite simply refuses to abide by the terms of the PRA, rather, picking and choosing what portions of the PRA it seeks to include in its Form 1040.  This is a departure from the facts in *Patridge* which demonstrates why the PRA does govern the Form 1040.  Remember, *Patridge* was on the attorney's say-so.

This is the same form that Defendant has demonstrated violates the PRA.  It is the same form that any taxpayer can ignore, because it violates the PRA, under the language and terms of *Dole v. United Steelworkers*, 494 U.S. 26, 32 (1990).  Finally, in the certification process that the Courts so often quote in demonstrating that the Form 1040 must comply, the IRS did not submit any waivers or exemptions from the

---

[1] On page 8 of the report, the GAO found that Treasury (IRS) was not in compliance with the disclosure requirements required by OMB in that OMB's requirement is that agencies cite the applicable law on certain forms.  A lengthy discussion of the failings of the Form 1040 makes clear that the form does not comply with the OMB regulations, also known as the PRA.

PRA requirements on the application process. *See* Application 83-I (1998)[2]. Without such waivers, the application process must demonstrate that the form complies with the PRA, and provide specific notices on the form. Those notices are not on the Form 1040. Hence, that part of *Patridge,* operating on attorney's say-so and the 7th Circuit's assumptions, is now contradicted by specific facts.

The regulations make clear that the Form 1040 must include a number of items which govern what must appear on a form to comply with the PRA. All of this was listed in the first response. None was rebutted, solely because of *Patridge*.[3] Also, *Patridge* had said no specific form was required at all, because of Sec. 7203. In order to see that the Form 1040 is the form, and that it must comply with the PRA, Defendant suggests reviewing *Bachner v. C.I.R.*, 81 F.3d 1274 (3rd Cir. 1995), which stated the following:

> This encompasses making a return in accordance with the format prescribed by the Secretary: When required by regulations prescribed by the Secretary *any*

---

[2]http://www.givemeliberty.org/RTP2/PRA/IRS-Forms/MISC/1998-SF83-1040.pdf. This document was used as a defense exhibit in *United States v. Lawrence*, C.D.IL Peoria, (2006), wherein Lawrence raised the PRA defense, and the prosecution dismissed with prejudice one day after receiving the PRA defense exhibits. This Court has the power to take judicial notice. At this same web-site, although also available at www.IRS.gov., are the instruction booklets that disclose the form must comply with the PRA.

[3]It is worth noting that the Plaintiff has sunk to new levels of attack with respect to *Powell*, and the pending sanctions there, and *Springer*, where the 10th Circuit found that the Government was misrepresenting the facts and law in its appellee's brief, in other words, the Government was arguing frivolous positions in *Springer*. The 10th Circuit found the arguments between the PRA and the tax code has being difficult to resolve.

-14-

> *person* made liable for any tax imposed by this title, or with respect to the collection thereof, *shall make a return* or statement *according to the forms and regulations prescribed by the Secretary*. Every person required to make a return or statement shall *include therein the information required by such forms or regulations*. (Emphasis in original). *Bachner*, at 1280. I.R.C. Sec. 6011(a) 1994. The Treasury regulations, in turn, *expressly require* taxpayers to file federal income tax returns on Forms 1040 or 1040A *only*, ... *Id*.

In other words, it is not a criminal statute that triggers the filing of a particular return. It is section 6011 and its regulations, and it is this section and its regulations, where one discovers that the only way it can be determined that the Form 1040 is the form to file is by looking at Sec. 6011 and its regulations, which is what the Commissioner of Internal Revenue told every person in America, including Defendant, in the instruction booklets, which are not attached to the forms. This is a direct departure from the *Patridge* position, and is a statement based upon a review of relevant law and the facts.

If 6011 and its regulations are the provisions that require the filing of a tax return, this is not a federal mandate of the sort anticipated by *Patridge,* or *Salberg.* In fact, it defies logic to believe that the regulatory directives listed in *Bachner* can be the basis for claiming that the filing requirement is mandated by statute. Mandated by statute means that there is no question, based upon the reading of the statute, of who is supposed to act, what is supposed to be done, when it is supposed to be done,

or where it is supposed to be accomplished.  Neither 26 U.S.C. Sec. 6012 or Sec. 7203 can answer any of these questions as stand alone statutes.  The regulations are critical to answer these questions.

The U.S. Supreme Court, in *California Banker's Association v. Schultz*, 416 U.S. 21, 26 (1974), stated that when an "Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone."  In other words, in this instance where the regulations determine the form, and determine filing requirements, it is not a statutory mandate, but a regulatory procedure governing the filing requirement and form.  Under that premise, the PRA must apply.  *See Dole*.  But again, the Plaintiff does not address the merits of the argument.  Rather, attacks are leveled against counsel.

Simply stated, in this "tirade" are the seeds for a legitimate challenge of the Form 1040.  The facts, forms, certifications, statements and regulations are not in dispute.  Defendant was told that the Forms 1040 were required to be filed, and Defendant has shown here, why those forms do not comply with the PRA.

**Does the IRS Have the Ability to Assess and Collect Taxes?**

Defendant has already spent several pages on the issue, but it needs to be stated again. 26 U.S.C. Sec. 6301 says the Secretary shall collect the taxes imposed by the

internal revenue laws. 26 CFR Sec. 301.6301-1 says the taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue. Where does it state that the IRS has broad general authority through unnamed and unlisted employees to do anything in these two short statements. All collection procedures are driven by district directors and districts, and those have not existed for more than 9 years. A general statement that the IRS has authority is insufficient, and no specific statement by Arlie Alexander has demonstrated that he has specific delegated authority from the Secretary or the Commissioner of Internal Revenue to take any actions. Merely because he holds the title of Revenue Officer, in light of the facts and arguments made by Defendant, is not sufficient. He has not established as a matter of law, and he has not established factually, that he is entitled to proceed at this time.

**The result of no district directors**

At some point, and at some time, the United States is going to have to address the problem it created in abolishing IRS districts and the positions of IRS district director and director of regional service center of the districts. The IRS was statutorily mandated to operate through such positions by Congress. Most actions available to take by the IRS are derived from authority given to district directors in those districts. The decision to merely ignore these facts, and demand sanctions for

raising these issues, is intellectually disingenuous, and demonstrates the procedures taken by the IRS to avoid the truth of its own actions. The sanctions, if any exist, should be leveled against the IRS and its counsel, but as in *Springer*, Defendant's counsel merely seeks to protect the client's rights, and seeks Court acknowledgment of the legal and factual truth of the arguments contained herein.

## CONCLUSION

It is clear that Plaintiff does not have the authority to proceed on this matter, and that the lack of authority is based solely upon Plaintiff's own actions in eliminating the very offices and officers necessary to take any actions against this Defendant. Under that guidance, Defendant believes the Court should dismiss this action, and issue an order finding that Plaintiff had failed to meet its burden of demonstrating it was entitled to proceed with the summons in this action, and finding that Revenue Officer Arlie Alexander failed to demonstrate that he had the proper delegation order to proceed in this matter.

Dated December 17, 2009.

         Sharon Sanders, Respondent,

      By: /s/ Jerold W. Barringer
         Jerold W. Barringer
         Attorney at Law
         200 W. Front Street, P.O. Box 213
         Nokomis, IL 62075
         (217) 563-2646

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following individual, Laura Jones, Assistant U.S. Attorney, Nine Executive Drive, Fairview Heights, IL 62208, by CM/ECF filing on the 17th day of December, 2009.

         /s/ Jerold W. Barringer