IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   09–cv–430–WDS–SCW |
| | ) | |
| SHARON SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge William D. Stiehl pursuant to **28 U.S.C. § 636(b)(1)(B)**, **Federal Rule of Civil Procedure 72(b),** and **Local Rule 72.1(b)** for a Report and Recommendation on Plaintiff United States of America's Complaint to Enforce Internal Revenue summons (Doc. 2).  For the reasons discussed below, it is **RECOMMENDED** that the District Court **FIND** that the Government has met its burden to enforce the IRS summons against Defendant Sanders, **DENY** Defendant's objections to the enforcement of the summons, and **ADOPT** the following findings of fact and conclusions of law.

### II.   Findings of Fact

This matter stems from a summons that was issued by Revenue Officer Arlie Alexander. Revenue Officer Alexander issued an IRS summons on Defendant Sharon Sanders on May 31, 2007, requiring her to appear at the IRS office located in Decatur, Illinois, on June 15, 2007 to provide documents and testimony relating to her income tax liability for tax years 1994 through 1997, the years for which he was attempting to collect tax liabilities from Sanders (Doc. 2 ¶¶ 4,5 & Ex. A ¶¶ 2, 3,4).

While Defendant Sanders failed to appear at the appointed time on June 15, 2007, she did appear with her counsel at the IRS office in Decatur, Illinois on June 20, 2007 (Doc. 2 Ex. A ¶ 5).  Defendant Sanders contends that she called the IRS and arranged the meeting on June 20 (Doc. 9 ¶ 6).  At the meeting, Defendant submitted to Revenue Officer Alexander a Collection Due Procedure (CDP) request regarding a Lien/Levy action being taken by the IRS and argued that such a request stayed activity on any collection against her by the IRS and eliminated her obligation to provide the IRS with any materials as ordered (Doc. 9 ¶ 7).  Defendant's attorney, Jerrold W. Barringer, attended the meeting with his client and argued that the **Paperwork Reduction Act, 44 U.S.C. §§ 3501-3549**, also prevented his client from cooperating with the summons (Doc. 2 Ex. A ¶ 5).  After the hearing, Revenue Officer Alexander set up an alternative date for Plaintiff to comply with the summons, notifying her in a letter that an alternative appointment had been scheduled for July 20, 2007, but again Defendant failed to comply with the summons (Doc. 2 ¶ 8).  On June 8, 2009, the Government filed a Complaint to enforce the internal revenue summons issued against Sharon Sanders (Doc. 2).

### III.   <u>Conclusions of Law</u>

**A.    Legal Standard**

Plaintiff's Complaint seeks to enforce a summons issued by the IRS to Sharon Sanders. "Congress has established a statutory structure that endows the IRS with extensive authority to conduct effective tax investigations." ***United States v. Crum*, 288 F.3d 322, 333 (7th Cir. 2002)**.  Under **26 U.S.C. §§ 7402(b) and 7604(b)**, district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition.  ***Crum*, 288 F.3d at 333-34 (citing *Donaldson v. United States*, 400 U.S. 517, 523-25 (1971)).**

In order to obtain enforcement of a summons, the Government must show that:: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought may be relevant

to the investigation and (3) not already in the Government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d. 755, 759 (7th Cir. 1999). "The *Powell* requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." *Knox*, 187 F.3d at 759 (quoting *United States v. Miller*, 150 F.3d 770, 772 (7th Cir. 1998)). Once the Government meets its *prima facie* burden, the respondent faces a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, 187 F.3d at 759 (quoting *Miller*, 150 F.3d at 772). Summons enforcement proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. *2121 Arlington Heights Corp. v. Internal Revenue Serv.*, 109 F.3d 1221, 1226 (7th Cir. 1997).

**B.    Analysis**

Here, the Government has met its *prima facia* case under *Powell*. The Government submits an affidavit from Revenue Officer Alexander which demonstrates that the IRS has met all of the requirements under Powell, which is the only evidence required for meeting its *prima facia* case. *See Knox*, 187 F.3d at 759. Revenue Officer Alexander's affidavit swears that he was conducting an investigation as to Sharon Sanders tax liabilities for the years of 1994, 1995, 1996, and 1997, and issued a summons for Defendant Sanders to give testimony and procedure certain documents related to her assets and liabilities (Doc. 2 Ex. A at ¶¶ 2-4). Revenue Officer Alexander stated that such information was necessary for his investigation in order to properly collect the tax liabilities from Defendant Sanders and that the information was not already in possession of the Internal Revenue Service (*Id.* at ¶¶ 6 & 8). He also declared that he had followed all of the administrative steps required under the Internal Revenue Code for properly issuing the summons (*Id.* at ¶ 7). Clearly, Revenue Officer Alexander's

declarations in his affidavit meet the "minimal burden" required under ***Powell***.

However, Defendant Sanders objects on numerous grounds to the enforcement of the IRS summons. Defendant first objects to Revenue Officer Alexander's declaration that he followed all of the administrative steps required under the Internal Revenue Code. Defendant argues that the Complaint does not allege she was notified of a new date after the June 15, 2007 meeting nor that she failed to appear at the new time or has been uncooperative in any other fashion. Instead, Defendant argues that a new notice should be sent to her informing her of a new hearing on summons now that the Tax Court proceedings have concluded. However, Defendant offers no legal authority for supporting her argument that she is entitled to additional notice. Instead, it is clear that Defendant was given at least two opportunities to comply with the summons, once on June 15, 2007, and again on July 20, 2007 when she failed to appear at her scheduled appointment even though she had been notified of the date by letter dated July 7, 2007. Further, Defendant continues to fail to comply with the summons. She has neither appeared before Revenue Officer Alexander nor has she submitted the requested documentation. Defendant offers no evidence to demonstrate her cooperation with the IRS. Thus, the Court fails to see how Revenue Officer Alexander has not complied with the required procedures. It is clear that Revenue Officer Alexander has followed all of his required procedures, while Defendant Sanders continues to defy the IRS summons.

Defendant Sanders next argues that the IRS lacks the authority to issue a summons. Defendant presents the unfounded theory that the IRS lacks authority to enforce its summons because it eliminated the person, namely the district directors, authorized to issue such summons. Defendant argues that the elimination occurred under the Reform and Restructuring Act of 1998. However, Defendant's own filing rebuts this notion (*See* Doc. 12 p. 7, citing ***Crum*, 288 F.3d at 334**). The IRS has authority "to issue summons to determine the liability of any person for any internal revenue tax,

among other purposes." **Knox, 187 F.3d at 759 (citing 26 U.S.C. § 7602); see also 26 U.S.C. § 7604 (giving district courts ability to enforce issued summons**). Further, a long line of cases support the position that the IRS has authority to issue summons. **See Powell, 379 U.S. 48 (1964), Knox, 187 F.3d at 759; Miller, 150 F.3d at 772; Crum, 288 F.3d at 334 (citing cases)**. Additionally, individual revenue officers have been given the authority to issue summons. **See Crum, 288 F.3d at 333-34[1]; 26 C.F.R. § 301.7602-1(b); 26 C.F.R. § 301.7701-9(b); Internal Revenue Service, Delegation Order 4(Rev. 22) (Authority to issue summons has been delegated to several internal revenue service authorities, including revenue officers. This Order was updated on October 2, 2000 to reflect new organizational titles required by IRS Modernization.)**. Thus, the Court finds Defendant's objection that the IRS lacks such authority to issue a summons entirely without merit.

Defendant also makes much of the fact that a CDP hearing was requested which would prevent the IRS from moving forward with the summons. As Plaintiff points out, the record reflects, however, a CDP hearing was not requested until more than a week after the initial meeting with Defendant (Doc. 11 Ex. A). In any event, the hearing has now been completed and Defendant's arguments determined to be lacking in merit (*Id.*). Even still, the CDP case only prevents the IRS from administratively levying on the taxpayer's property and would not prevent the issuing of the summons. **See 26 U.S.C. § 6330.** While Section 6330 mentions the staying of levying actions during the CPD hearing and appeal, there is no mention of investigative aspects involved in an IRS summons nor does it appear that the proceedings prevent the issuing of a summons. **See Barry v. U.S., 215 Fed.Appx.**

---

[1] In **Crum**, the Seventh Circuit noted that the power to issue summons has been delegated to revenue officers. "The term 'delegate' is defined further in **§ 7701(a)(12)(A)(i)** to include 'any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury.'" The Court went on to note that while the authority to issue summons had been delegated to the Commissioner of the IRS under various federal regulations, "the IRS Commissioner has redelegated this authority to certain IRS employees, including revenue officers..." **Crum, 288 F.3d at 334 (citations omitted)**.

**933 (11th Cir. 2007);** ***U.S. v. Battle*, 213 Fed. Appx. 307 (5th Cir. 2007)**.  Accordingly, the Court rejects Defendant's position that the CDP hearing somehow interfered or suspended the issuing of the summons.

Further, Defendant argues that the IRS lacks authority to issue a summons due to alleged failure of the IRS to use the proper forms.  Defendant again makes a meritless argument that the IRS somehow lacks the authority to compel the information they are seeking from Defendant due to the **Paperwork Reduction Act, 44 U.S.C. §§ 3501-21.**  Defendant argues that certain information required under the regulations is not found on the Form 1040, and thus the Form is invalid because it does not comply with the **Paperwork Reduction Act.**.  According to Defendant's logic, the result of the invalid Form means that the Defendant is not required to comply with the Form or identify her potential tax liability.  This argument has been raised by Defendant's attorney, Mr. Jerold W. Barringer, in a past case and specifically rejected by the Seventh Circuit. ***See United States v. Patridge*, 507 F.3d 1092 (7th Cir. 2007)**.  In ***Patridge***, the Seventh Circuit made clear that the Paperwork Reduction Act does not overrule the obligation to file a tax return under **26 U.S.C. § 7203**.  The two statutes are not inconsistent because **§ 7203** does not required the use of Form 1040 as it only requires "a complete and candid report of income" thus the existence of the two statutes does not result in a repeal by implication as they are not inconsistent. ***Patridge*, 507 F.3d at 1094-95.**

Defendant later raises once again the issue of the IRS's ability to assess and collect taxes arguing that the agency lacks a valid assessment officer to collect taxes as there are currently no district directors with the authority to appoint an assessment officer.  However, as previously discussed by the Court, the IRS has authority to both assess and collect taxes as well as issue summons. ***See* 26 U.S.C. § 6201; 26 U.S.C. § 7602.**  Thus, the Court also finds this objection to be frivolous.  Defendant's final objection to the enforcement of the summons has to deal with whether there is a valid Federal Tax Lien

However, as the Government points out, the federal tax lien against Defendant has been upheld by the Tax Court and, in any event, the issue is not relevant to the enforcement of the summons.

Accordingly, the Court believes that the Government has met its burden under ***Powell*** and that Defendant's objections to the enforcement are without merit.  Thus, the undersigned **RECOMMENDS** that the Court **FIND** that the Government has met its burden and **ORDER** the enforcement of the summons issued to Sharon Sanders, requiring complete compliance with the summons and specifically directing the summoned party to obey the summons served upon her and order her attendance, testimony, and the production of the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Alexander or any other proper officer of the IRS at such time and place as may be directed by the Court.

## C.    Motion for Sanctions

In response to Defendant's objections, the Government has asked that the Defendant and her counsel be sanctioned.  Plaintiff requests the award of costs and fees as a form of sanctions.  However, "disobedience to [an IRS summons] has no penal consequences...until a judge has ordered its enforcement..."  ***See Schulz v Internal Revenue Service*, 413 F.3d 297, 301-02 (2d Cir. 2005)**.  As the Court has not yet ordered the enforcement of the summons, the Court will not recommend sanctions for failing to comply with the summons.  However, Attorney Barringer has raised arguments in his filing with the Court that the Court deems frivolous.  In particular, one of the issues raised, relating to the impact of the Paperwork Reduction Act, has already resulted in sanctions against Attorney Barringer.  ***See Patridge*, 507 F.3d at 1096-97.**  Nonetheless, motions for sanctions for such filings must be made separately.  ***See* FED.R.CIV.P.  11(c)(2)**.  Accordingly, the Court **RECOMMENDS** that the Government's request for sanctions (Doc. 11) be **DENIED** at this time.  However, the Court reminds Attorney Barringer of his duties under **Rule 11.**  Further, persistence in

making frivolous arguments can result in an order to show cause under **Rule 11(c)(3).**

## IV.   Conclusion

For the reasons set forth above, it is hereby **RECOMMENDED** that the Court **FIND** that the Government has met its burden and **ORDER** the enforcement of the summons issued to Sharon Sanders.  It is also **RECOMMENDED** that the Court **DENY** the Government's request for sanctions (Doc. 11).  Objections to this Report and Recommendation must be filed on or before February 9, 2011.

**IT IS SO ORDERED**.

DATED: January 26, 2011.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge