## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-430-WDS** |
| | ) | |
| **SHARON SANDERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the Report and Recommendation of Magistrate Judge Stephen C. Williams (Doc. 17), recommending that this Court find that the Government has met its burden to enforce the Internal Revenue Service ("IRS") summons against Defendant Sharon Sanders ("Sanders"), deny her objections to the enforcement of the summons, and adopt the Magistrate's findings of fact and conclusions of law. Defendant has filed objections to the Report and Recommendation (Doc. 18). Pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the Report and Recommendation to which written objections were made.

### BACKGROUND

Plaintiff, the United States of America, brought this action pursuant to the provisions of the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a), to judicially enforce an IRS Summons issued to Sanders. Specifically, the complaint (Doc. 2) alleges that Revenue Officer Arlie Alexander ("Alexander") issued the IRS summons that required Sanders to appear at the IRS office located in Decatur, Illinois on June 15, 2007, in order to provide documents and testimony relating to collection of Sanders' income tax liabilities for tax years 1994 through

1997.  Sanders failed to appear at the IRS office on said date, and instead appeared with her counsel at the same IRS office on June 20, 2007, but refused to provide any information responsive to the summons.

On July 5, 2007, a letter was sent to Sanders proposing an alternate appointment to comply with the summons, specifically, July 20, 2007, but she again failed to comply with the summons.  On June 8, 2009, the Government filed a complaint (Doc. 2) to enforce the IRS summons issued against Sanders.  Her failure to comply with the summons is ongoing.

Magistrate Judge Williams recommends that this Court find that the government has met its burden, and order enforcement of the summons issued to Sanders, requiring her complete compliance with the summons and directing her to specifically obey the summons served upon her, and further recommends that this Court order her attendance, testimony, and production of documents and other data as required by the terms of the summons before Alexander or any other proper officer of the IRS.

Sanders has objected on the following bases: (1) she asserts that the Magistrate Judge's findings of fact and conclusions of law that the IRS, or any agent of the Secretary, has demonstrated his authority to act are erroneous; and (2) she asserts that the conclusion that all applicable administrative procedures governed by the relevant statutes and regulations controlling the IRS have been satisfied is erroneous.

## ANALYSIS

In light of the broad authority that Congress has bestowed upon the IRS to conduct tax investigations, *see United States v. Crum*, 288 F.3d 332, 333 (7th Cir. 2002), the Court agrees with the Magistrate Judge's recommendation with respect to Defendant's first objection.

Under 26 U.S.C. § 7601, the IRS Commissioner, as the Secretary's delegate, is given "'a broad mandate to investigate and audit' persons to ensure compliance with federal tax laws." *Id*. (quoting *United States v. Bisceglia*, 420 U.S. 141, 145 (1975)). "As a necessary incident to this investigatory power, Congress gave the Commissioner expansive authority in § 7602(a) to summon any person to provide information relevant to a particular tax inquiry." *Id*.

Under 26 C.F.R. § 301.7602-1(b) and 26 C.F.R. § 301.7701-9(b), "the Secretary of the Treasury has delegated summons authority to the Commissioner of the IRS." *Id.* at 334. As authorized by the Secretary, the IRS Commissioner has redelegated this authority to certain IRS employees, including Revenue Officers such as Alexander. *See Crum*, 288 F.3d at 334; 26 C.F.R. § 301.7701-9(c); 26 C.F.R. § 301.7701-9(b); IRS Delegation Order No. 4 (Rev.22) ¶ 7 & 8. The Supreme Court and the Seventh Circuit have consistently recognized:

> that IRS officers have the delegated authority to issue administrative summonses. *See, e.g.*, *Arthur Young & Co.*, 465 U.S. 805, 814 (1984) ("As a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS. . . ."); *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) (observing that "[t]he IRS is authorized to issue summonses" pursuant to § 7602); *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998) (noting that the IRS's power to issue summonses under § 7602 is "broad").

*Crum*, 288 F.3d at 334. Revenue Officer Alexander had clear authority to issue the summons in question.

"Under 26 U.S.C. §§ 7402(b) and 7604(b), district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition." *Crum*, 288 F.3d at 333-34. In order to obtain enforcement of a summons, the Government must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to the purpose; (3) that the information sought is not already within the

Commissioner's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999). "The *Powell* requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." *Knox*, 187 F.3d at 759 (quoting *United States v. Miller*, 150 F.3d 770, 772 (7th Cir. 1998)).

Here, the Government has satisfied its prima facie burden under *Powell*. The Government submitted an affidavit (Doc. 2-1) from Revenue Officer Alexander stating that the IRS satisfied each of the elements set forth under *Powell*, which is the only evidence required for meeting its *prima facie* case. *See Knox*, 187 F.3d at 759. Specifically, Alexander declared, under penalty of perjury, that: (1) the documents, records, and other data sought in the summons are not already in possession of the IRS (Doc. 2-1 at ¶ 6); (2) all administrative steps required by the IRS for issuance of a summons have been taken (*Id*. at ¶ 7); and (3) it is necessary to obtain the testimony and to examine the documents, records, or other data sought by the summons in order to properly collect the federal tax liabilities of Sanders for the calendar years ending December 31, 1994, December 31, 1995, December 31, 1996, and December 31, 1997 (*Id*. at ¶ 8). Alexander's declarations in his affidavit clearly meet the "minimal burden" imposed by *Powell*.

"Once the government meets this prima facie burden, the taxpayer faces a 'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, 187 F.3d at 759 (quoting *Miller*, 150 F.3d at 772). Nevertheless, Sanders objects to Revenue Officer Alexander's declaration that he followed all of the

administrative steps required under the Internal Revenue Code.  Specifically, defendant objects

to the Magistrate Judge's use of and reliance upon 4(Rev. 22) in issuing his Report and

Recommendation.  Defendant's reliance upon its own interpretation of this Delegation Order is

not only misplaced, but defendant also cites to non-binding case law to support her faulty

interpretation.  Instead of only applying to third party summonses, as the defendant suggests, the

Delegation Order clearly vests authority within Revenue Officers to "issue summonses … and to

perform other related functions as stated in Authority 1 of this Order."  Internal Revenue

Service, Delegation Order 4(Rev. 22) at *1-*2.  Moreover, Revenue Officers are granted the

authority "To serve summonses whether issued personally or by another official."  *Id*. at *2.

Thus, Revenue Officer Alexander clearly possessed the requisite authority to personally issue the

summons to the defendant.  In doing so, he exercised the authority granted his position under the

purview of the administrative steps required by the Internal Revenue Code, as envisioned by the

fourth element in *Powell*.

Defendant Sanders also objects to the IRS' authority to issue a summons.  Defendant

argues that the IRS lacks authority to enforce its summons based upon an alleged lack of internal

revenue districts and district directors who would be authorized to issues summonses such as the

one presented to the Court.  However, defendant again supports this notion with non-binding

authority, and this objection, too, is without merit.

Indeed, it is well established that the IRS has authority "to issue summonses to determine

the liability of any person for any internal revenue tax, among other purposes."  *Knox*, 187 F.3d

at 759 (citing 26 U.S.C. §7602); *see also* 26 U.S.C. §7604 (giving district courts ability to

enforce issued summonses).  A long line of binding authority further supports the position that

the IRS has authority to issue summonses. *See Powell*, 379 U.S. 48 (1964); *Knox*, 187 F.3d at

759; *Miller*, 150 F.3d at 772; *Crum*, 288 F.3d at 334 (citing cases). Additionally, individual

revenue officers have been given the authority to issues summons. *See Crum*, 288 F.3d at 333-

34; 26 C.F.R. §301.7602-1(b); 26 C.F.R. §301.7701-9(b); Internal Revenue Service, Delegation

Order 4(Rev. 22) (Authority to issue summonses has been delegated to several internal revenue

service authorities, including to revenue officers. This Order was updated on October 2, 2000 to

reflect new organizational titles required by IRS Modernization.).

Furthermore, Sanders' argument with respect to district directors has been directly

rejected by other courts. For instance, in *Grunsted v. Comm'r of Internal Revenue*, 136 T.C.

455, 460-61, 463 n.5 (May 11, 2011), the United States Tax Court addressed the same district

director argument Sanders asserts here, clearly explaining why it lacks merit. This Court will

not re-invent the wheel, but instead, adopts the United States Tax Court's explanation in the

following excerpt:

> An assessment is made by recording the liability of a taxpayer in the office
> of the Secretary in accordance with rules or regulations prescribed by the
> Secretary. Sec. 6203. Assessments are made by assessment officers who are
> appointed by the district director and the director of the regional service center.
> Sec. 301.6203–1, Proced. & Admin. Regs. Petitioner argues that there is no
> district director, therefore no assessment officers have been properly appointed
> and so there can be no valid assessment of frivolous return penalties against him.
> Petitioner is correct in arguing that there are no longer any district directors. He
> errs, however, in concluding that there were no valid assessments because of the
> absence of district directors.
>
> The IRS has been reorganized several times in recent history. The district
> director position and responsibilities were assigned to others after the Internal
> Revenue Service Restructuring and Reform Act of 1998(RRA), Pub.L. 105–206,
> 112 Stat. 685, required the Commissioner to eliminate or substantially modify the
> IRS' national, regional and district structure. Id. sec. 1001, 112 Stat. 689. To
> ensure continuity of operations, the RRA specifically included a savings
> provision. Id. sec. 1001(b). The savings provision applies to keep in effect

regulations that refer to officers whose positions no longer exist. Id. It also provides that nothing in the reorganization plan would be considered to impair any right or remedy to recover any penalty claimed to have been collected without authority. Id.

Furthermore, IRS Deleg. Order 1– 23 (formerly IRS Deleg. Order 193, Rev. 6), Internal Revenue Manual pt. 1.2.40.22 (Nov. 8, 2000) allows directors, submission processing field, compliance services field and accounts management field to appoint assessment officers. This order further implemented Congress' intent that the IRS' normal duties, including that of assessment, not be obstructed by the reorganization.[FN5] In short, petitioner's frivolous return penalties were properly assessed and his argument, albeit novel, is without merit.

[5]See H. Conf. Rept. 105–599 at 194 (1998), 1998–3 C.B. 747, 948 ("The IRS Commissioner is directed to restructure the IRS by eliminating or substantially modifying the present-law three-tier geographic structure and replacing it with an organizational structure that features operating units serving particular groups of taxpayers with similar needs. * * * The legality of IRS actions will not be affected pending further appropriate statutory changes relating to such a reorganization (e.g., eliminating statutory references to obsolete positions).").

*Grunsted*, 136 T.C. 455, 460-61, 463 n.5 (May 11, 2011).  Thus, the Court **FINDS** that Sanders' objection that the IRS lacks authority to issue a summons is entirely without merit, and **OVERRULES** defendant's objection.

## CONCLUSION

The Government has clearly satisfied each of the elements set forth in *Powell*, and the Court **OVERRULES** defendant's objections to the Report and Recommendation.  The Court **FINDS** that an evidentiary hearing further exploring the summons enforcement proceedings in this matter would be fruitless and an unnecessary expenditure of judicial resources.  *See 2121 Arlington Heights Corp. v. Internal Revenue Serv.*, 109 F.3d 1221, 1226 (7th Cir. 1997).

The Court therefore **ADOPTS,** in full, the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 17), **OVERRULES** defendant's objections (Doc.

18), **FINDS** that the Government has met its burden to enforce the IRS summons against defendant Sanders, and hereby **ORDERS** the enforcement of the summons issued to Sharon Sanders.  Sanders is hereby **DIRECTED** to completely comply with and obey the summons served upon  her, and is **FURTHER DIRECTED** to attend, testify, and produce the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Alexander or any other proper officer of the IRS, on or before October 12, 2012.  Any further dispute with respect to compliance with this Order shall be referred directly to Magistrate Judge Williams.

The Government's request for sanctions (Doc. 11) is **DENIED** at this time.


**IT IS SO ORDERED**

**DATE:   September 12, 2012**

/s/ **WILLIAM D. STIEHL**
   **DISTRICT JUDGE**